## GUERIN ET AL. vs. BAGNERIES.

### APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The appellant is bound to cite in the appeal, all the parties before whom, contradictorily in the inferior court, the judgment was obtained, which is appealed from.

So the plaintiff who appeals, is bound to cite both the defendant and his warrantor, before the appeal can be heard. Further time will be given to cite in all the parties.

This is an action to recover from the defendant, Bagneries, two slaves in his possession, which are claimed as the property of the plaintiffs.

The defendant set up title to the slaves in question, as purchaser at a marshal's sale. He cited the plaintiffs and defendant in the execution, which issued from the United States District Court, under which the sale took place, to defend his title as warrantors.

On hearing the cause, the parish judge was of opinion the slaves belonged to the original defendant, and gave judgment in his favor. The plaintiffs appealed.

In taking the case to the Supreme Court, the defendant alone was cited in the appeal. The warrantors were omitted.

*Canon,* for the defendant and appellee, moved to dismiss the appeal, because all the appellees, and especially the parties called in warranty were not cited.

*Preston,* for the appellants, contended that as the judgment was in favor of the defendant alone, he was the only party to be cited. These parties being plaintiffs and defendants, whether the reversal of the judgment may effect others who are not parties, is not to be inquired into.

2. It was not for the plaintiffs to cite the warrantors; it was for the defendant to do so, if he wished their aid on the appeal. *Code of Practice,* 388.

3. There was no judgment for or against the warrantors, and had they been cited in the appeal, they would have prayed for its dismissal, as to them, because there was no judgment for or against them.

4. Bagneries cannot move for the dismissal of the appeal as to himself, because he is cited; and the inquiry is, was his objection properly made, by which the plaintiffs' testimony was excluded. If this question be decided in his favor, then he succeeds, otherwise the case must be remanded.

*Martin, J.,* delivered the opinion of the court.

This is a petitory action in which the defendant cited in his vendor as warrantor. There was judgment against the plaintiffs, and they appealed.

The defendant comes into court, and prays that the appeal be dismissed on the ground that his warrantor is not made a party to the appeal.

EASTERN DIST.
*May*, 1836.

The plaintiffs' counsel contends, that he has nothing to discuss with the defendant's warrantor; that if the defendant deems it his interest that the warrantor be a party to the appeal, he ought to make him so by citation or notice.

We think that every party who seeks redress at our hands, in this court, and asks the reversal or modification of a judgment, is bound to bring in all the parties, contradictorily with whom, such judgment was rendered in the court below.

In a petitory action, the party called in warranty has the same (or very nearly the same) interest as the defendant, in a judgment against the plaintiff. The latter, therefore, when he seeks to be relieved from the effects of such a judgment, must bring into this court all the parties in the original suit, who have an interest to prevent the reversal or modification of such judgment.

In this case, however, there appears to be no necessity to dismiss the appeal. The case is a new one, and justice may be attained, otherwise than by driving the parties out of court.

*The appellant is bound to cite in the appeal, all the parties before whom, contradictorily in the inferior court, the judgment was obtained, which is appealed from.*

*So, the plaintiff who appeals, is bound to cite both the defendant and his warrantor, before the appeal can be heard. Further time will be given to cite in all the parties.*

It is, therefore, ordered, that the plaintiff and appellant be allowed until the first Monday of July next, to cite the warrantor in the appeal.